In Trespass for taking away a Slave upon not guilty pleaded the Jury find a special Verdict “ That Deft. Allerton being a Justice of Westm’d made a warrant to be Constable to bring before him (not saying or any other Justice as is usual) the Pit. & one Tebbs Inspectors at Yeocomico to answer the Complaint of Ios. Gardner for taking divers Draughts out of sev’l Hhds of Tob’o contrary to Act of Ass. in that Case made That the Constable appointed a Day for hearing & sum’d 5 Witnesses four of w’ch with Tebbs appeared but Pit. did not And Oldum saying he would not come Deft, proceeded to hear Complt in his Absence & gave Judg’t in these Words “ It being plainly proved to me that Mr. Sam. Oldum one of the Insp’rs at Yeocomico took 5 Samples or Drts. out of 5 Hhds of W’m Tyneys Tob’o this year and likewise 2 Drts out of 2 Hhds of Mr. Opies & 2 Drts out of *B332 2 Hhds of Thos. Gardners & 2 Drts out of 2 Hhds of Mr. Gilfreys Tob. & did not return the Drts into their respective Hhds whence they were taken And this he did with’t the Knowledge of Tebbs the other Insp. Except one other Hhd of Jos. Gardners when they were both jointly concerned in taking out one Drt & not returning the same I therefore order the s’d Oldum to pay 20 s. for every Draught so taken away & Dan. Tebbs his proportionable Part of the Drt he was concerned in taking away to Jos. Gardner who-made the Comp It. with Costs Als. Exon.” Upon w’ch Judg’t an Exon was indorsed thus I command you to attach so much of the Estate of Sam! Oldum as will make the Sum of ;£.ll. 10. likewise 30 lb. Tob. for Costs in Ord'r to satisfie the within Judg’t obtained by Jos. Gardner ag’t the s’d Oldum for the Reasons therein mentioned w’ch Exon was directed to Thos. Pope Subsher to execute That Pope the Deft, by Virtue of s’d Exon seised the Slave in the Decl. w’ch is the Trespass supposed. The Question is Whether the Taking by Virtue of this Judg’t & Exon be a good Justification And I conceive not.
To demonstrate this it will be necessary in the first Place to see how far a Judge & how far an Officer may be liable to an Action for Things done by them quatenas such
1. As to the Officer the Rule of Law is “• Qui jussu judicis “ aliquid jecerit non videtur dolo malo fecisse quid parere necesse “ est ” What is done by the Command of a Judge shall not be taken to be done with an ill Intent or maliciously because there is a Necessity of obeying But then this Rule must be understood where the Judge has a proper Jurisdiction for it is another Rule in Law “ Judicium non a suo Judice datum nullius est momenti.” A Judgm’t given by a Judge who has not Jurisd. is of no Force This Point was long ago settled in the Case of the Marshalsea 10 Co. 69. In Tresp. & false Imprisonment the Deft, justified by an Exon from the Marshalsea in Case upon Ass. 2 q’s were made 1. Whether the Marshalsea had Jurisd. of such Actions If not Then 2. Whether the Deft. [308] having the Warr’t of that Court sho’d be punished for false imprisonment. It was resolved that the Marsk. had not Jurisd. & that theref. an Action lay ag’t the Officer notwithst. the Warr’t of the Co’rt for all was Coram non Judice & Officers are to know their Duty at their Peril The Diff. there taken & w’ch has been allowed ever since is Where a Co’rt has Jurisd. & proceeds erroneously & where they have no Jurisd. at all. In the first Case the Officers & Ministers *B333 are not liable to Action for they are obliged to obey & are not to exam, whether the Process be regular or not But in the latter Case where the Co’rt has not Jurisd. they cannot be punished for disobeying The necesse parere does not hold And theref. if they execute Process in such Case they must ans’r it at their Peril.
Upon this Diff. all the Cases since have turn’d as appears in Seaborn & Savaker 2 Ro. Ab. 560. Nichols a Walker Cro. Car. 394. Dye & Olive Mar. 117. Webb & Batchelor 1 Vent. 273. Lucking & Denning 1 Sal. 201, 202. & other Cases that will be mentioned presently
This being the settled Law with resp. to Officers Let us now see how it stands in the Case of Judges And upon the Reason of the Thing one might venture to say that the Judge ought not to be in a better Cond. than the Officer Nor indeed is he for a Judge shall sometimes be liable for exceeding his Authority when the Officer who executes his Process shall be excused
It must be allowed to be a settled Rule that a Judge shall not be liable to an Action for a Mistake in-his Judg’t Nor will the Law allow it to be supposed that a Judge is influenced by Malice Partiality or Revenge And therefore no Action of Conspiracy will lie ag’t him for anything done by him as Judge 12 Co. 63. Floyd a Barker Nor an Action of false Imprisonm’t tho the Imprisonm’t be illegal as app’rs in Bushels Case 1 Mod. 119. Such an Action ag’t Lord Mayor Recorder &c. of London for committing a Juryman for giving a Verd’t ag’t Evidence Hale declared his Opin. that the Action wo’d not lie So Hammond a Howell &c. 1 Mod. 124. A like Case The Co’rt declared Action wo’d not lie for wrongful Imprisonm’t any more than erroneous Judg’t
All this I agree to be true where the Judge has Jurisd. of the subject Matter But if a Judge will usurp a Jurisd. that he has not & under Col’r of that imprison or do any other Act that affects the Liberty or Property of the Subject The Party grieved may certainly have an Action ag’t him for tho’ he acts as Judge he really is not so The Proceeding is Coram non Judice as the Books phrase it Hard. 483. Cro. Car. 394.
This is so plain in the Reason of Things it seems not to want Authority to support it I will however for the Satisfaction of the Court mention a Case or two presently
[309] But first I would observe that wherever an Officer is *B334 liable to an Action for executing the Precept of a Judge who has not Jurisd. A fortiori the Judge himself ought to be liable He is indeed the princ, Agressor & Cause of the Wrong It is done by his Command And it is a known Rule He that commands a Trespass is as guilty as he that actually comits it
I would also observe that all inferior Courts & Judges are in their nature & Constitution limited & circumscribed Some to Place as Courts of Corporation & Justices of Peace Some to the Pson as the Marshalsea anciently One of the Parties at least was to be living within the Verge 10 Rep. 75, 77. And some as to the subject Matter as Comm’r of Excise of Sewers &c. Hard. 483. To w’ch I may add Justices of Peace in Cases where they have not an ordinary & gen’ Jurisd. but only a particular Power or Authority given to them by some Act of Parliament Everyone of these limited Jurisd. must take Care to keep within their own Bounds & not exceed their Power If they do both the Judges & those who act under their Authority are liable to the Action of the Party grieved as may be seen from the foil Cases
Nichols & Walker &c. Cro. Car. 394. 2 Ro. Ab. 560. Trespass a an Officer for levying a Poors Rate by Virtue of a Justices Warr’t W’ch Rate was not legally assessed Judg’t for Pit. for tho’ Justices had Power to grant a Warr’t for levying a Poors Rate Yet their Power was limited only to Rates well assessed
Terry & Huntington Hard. 480. Trover for Goods lev’d by Warr from Com’rs of Excise who upon the Act of 12. Car. 2. 23. had adj’d low Wines to be strong Waters perfectly made This Act lays a Duty upon sev’l Liquors & among others upon strong Waters perfectly made The Makers & Retailers are to account for this Duty as the Act directs under a Penalty And Offences ag’t the Act are determinable before the Comm’rs It was arg’d for the Deft, that the Comm’rs acted as Judges & it was only a Mistake in their Judg’t But it was held by the Co’rt that tho’ they acted as Judges Yet they had only a limited Jurisd. w’ch they had exceeded That Low Wines were another Species than strong Waters upon w’ch the Duty was laid & so gave Judg’t for the Pit. Those who argued for the Def. agreed that if the Comm’rs had not Jurisd. the Action lay And it was ag’rd on both Sides that in such Case both the Judges & Officers would be Trespassors This Case being very full to all the Points of my Argum’t I will beg Leave to read it
In the Case of Gwyn & Poole Nel. Lut. 293. It is taken as a *B335 Rule by Powell Justice in his Arg’t That all inferior Judges & Officers where they proceed in a Cause that may reasonably appear not to be within their Jurisd. are liable to Actions Otherwise where it cannot so appear. Upon this Reason the Judg’t in that Case turned It was an Action ag’t Judge Officer & Pit. in inferior Court for arresting in a Cause arising extra Jurisd. And it was held that as it could not appear but by Plea where the Cause of Action arose the Judge & Officer were not liable But it is admitted that if a Plea to the Jurisd. had been offered & refused [310] Or if it had been reced & the Co’rt afterwards proceeded an Action wo’d lie
The same Point is admitted in Crump & Halford 4 Mod. 349. Skin. 445. And in this last Case there is an Instance mentioned where the Judge wo’d be liable tho’ the Officer wo’d be excused as if a Justice sho’d issue a Warr to apprehend a Felon with’t Oath made of a Felony committed the Officer would be excused for executing it but the Just wo’d be a Trespassor The Reason of w’ch is plain y’t the Just had a Power to issue a Warr. for apprehending a Felon & the Officer was not to exam wheth’r Oath was made or not The Just, had Jurisd. & he was bound to obey
These Cases I think fully prove that an Action will lie ag’t inferior Judges for exceeding their Jurisd. as well as ag’t their Officers And this is further proved by the Stat. West. 1. c. 35. w’ch prohibits inferior Co’rts to proceed in Contracts &c. out of their Jurisd. & gives double Dam’s to the Party grieved Which Dam’s can be only recov’d by Action There is a Writ in the Reg’r 98. under the Title Trespass grounded on this Act. Vid. 2. Inst. 230.
Besides w’ch we have comon Experience of Actions a Justices for whipping putting in Stocks &c. where they have exceeded the Power the Law has given them Some of w'ch I have known in this Court
I shall then take it for granted that the Judge as well as the Officer is liable to an Action where he exceeds his Jurisd. And now it rem’s to shew that the Deft. Allerton in the Judgm’t & Exon he awarded ag’t the Pit. hath exceeded the Power & Authority given to him by the Law
I will first beg Leave to premise that a Judge may exceed his Jurisd. 2 Ways 1. Where he has no kind of Jurisd. at all of the subject Matter 2. Where he has a Jurisd. but that Jurisd. is *B336 limited & restrained As where a Justice of Peace is appointed to determine any particular Matter not within his ordinary & gen'l Jurisd. as a Justice There if he exceeds the Power & Authority given to him by the Stat. or if he proceeds in any other Manner than the Stat. has directed he exceeds his Jurisd. & becomes a Wrongdoer for as Hale observes in Terry & Huntingdon Every limited Authority implies a Negative viz. that the Judge shall not proceed otherwise than according to the Authority given And the pretence of its being a Mistake in Judg’t shall not excuse because it would open a Door to the most arbitrary Proceedings Nor is there any Reason it sho’d excuse because their Power is plainly mark’d [311] out by a written Law & w’ch they must follow at their Peril It is not like the Case where the Judge has a gen’l Jurisd. & undefined Authority There it would not only be hard to punish him for what may possibly be only a Fault in the Understanding more than the Will But it would tend to the infinite Delay of. Justice. Upon such Reasons as these the Law is founded that a Judge shall not be punished for a Mistake in a Matter whereof he has a gen’l Jurisd. Reasons that do not hold where the Power of the Judge is limited & plainly pointed out
I will now proceed to the Case before us The reís a Clause in the Act of Ass. 5. & 6. Geo. 2. which prohibits Inspectors from converting Samples to their own Use under a Penalty to be recov’d before a Justice It is this Act if any that must support the Justice in what he has done The Act is not found in the Verdict but being a gen’l Law I shall agree the Court ought to take Notice of it. The Clause runs thus: •
“No Inspector shall hereafter take or convert to his own Use or otherwise dispose any Draughts or Samples of Freight “ or Crop Tob. but the same if fit to pass shall be put into the ‘ Hhd out of w’ch the same was drawn Under the Penalty of “ forfeiting 20 S. for every Draught so taken away contrary to “ the Directions of this Act To be recovered bef. any Justice “ of the Peace of the County where the Offence is comitted
The Offence here described is taking or converting to the Insp’rs own Use or otherwise disposing any Dra’ts of Crop Tob. & not returning the same into the Hhd if fit to pass The princ Part of the Offence is the Taking the Dra’t to his own Use This we know was the Mischief complained of & intended to be remedied The returning it back into the Hhd was only added *B337 for the more explicit Direction of the Insp’r in his Behavior but was never intended so indispensible a Duty as that the bare Omission of that sho’d subject the Insp’r to the Penalty for Suppose the Dra’t sho’d happen to be bruised or broken in the drawing or by any Accident after bef. it was put in again Or suppose the Owner sho’d desire it not to be put in w’ch I am told is often the Case Shall the Insp’r in either Case be liable to the Penalty It will not surely be pretended
To constitute this Offence then I conceive these 3 Things are requisite 1. That the Sample be taken out of a Crop Hhd. So are the Words of the Act 2. That the Insp’r take the Tob’o to his own Use or otherwise dispose of it ag’t the Will or with’t the Knowledge of the Owner For surely the Owner may give it up if he pleases And 3. that the Tob. be fit to pass This I take to be the plain & obvious Meaning of the Act And as the Penalty is inflicted only for taking away Dra’ts contrary to the Directions of the Act (for so are the express Words) Unless the Dr’ts were taken under the Circumstances just now [312] described the Insp’rs ought not to have been condemn’d to the Penalty ás I humbly conceive
The next Thing then to be considered is Whether the Justice has convicted the Pit. of such an Offence as is described in the Act for if he has convicted us of and other Offence I presume if will not be sayed that this Act can be any Justifica.
I will take the Justices own Words for what he says appeared & was proved to him “ It being plainly proved to me that S. O. “ took 5 samples or Dra’ts out of 5 Hhds of W’m Tyneys Tob. “ &c. And did not return the s’d Dra’ts into their resp. Hhds.” This is all the Just, says was proved to him “ that he took the “ Dra’ts out & did not return them again.” As to taking the Dra’ts out that he was obliged to do The not returning them then is all that is laid to his Charge as criminal
Now if this be not the Offence intended by this Act If under some Circumstances the Insp’r might very innocently act in this manner Then it will foil, that the Just, has exceeded the Power & Authority given him by this Act w’ch is only to convict of the particular Offence there described And so the Justice & his Officer are both Trespassers
And it is plain 1 think that what we are conv. of is not an Offence within the Act or indeed any Offence at all It must be own’d that und’r many Circumstances the Insp’r is not obliged *B338 to return the Dr’t into the Hhd as 1. if it was not Crop Tob. 2. if it was not fit to pass 3. if the Own’r sho’d desire him not And either of these might be the Case for anything that app’rs to the contrary upon the Judg’t It is not sayed they were Crop Hhds out of w’ch the Dra’ts were taken Neither is it sayed that the Tob’o was fit to pass Or Y’t the Insp’r took the Tob. to his own Use or otherwise disposed of it with’t the Knowledge or ag’t the Will of the Owner Nay it is not so much as sayed that what he had done was contrary to the Directions of the Act So that there is not Room to suppose any of these Facts And there is much less Reason to suppose the last of them because it is not the Owners that complain but a busy Fellow that turn’d Informer in hopes to get the Penalty w’ch indeed the Just, has given to him apparently ag’t Law as I shall shew presently
But I apprehend further that no Suppositions are to be made of Things that do not appear There is a Record w’ch is relied on as a Justif. And yo’r Hon’rs are to determine from w’t app’rs upon the Rec. Wheth’r it be a good Justif. or not The Rule of Law is “ Inter non existentia et non app. eadem est ratio.” As no Averm’t will lie ag’t y’e Rec. And we must not be admitted to say that anything in it is not true So neither must they be allowed to aver anything that does not app’r upon the face of it
And since it does not app. as I apprehend y’t the Insp. was guilty of the Offence mentioned or had done anything to subject [313] him to the Penalty therein mentioned the Justice had on Power or Authority to give Judg’t ag’t him
The Case of Terry & Huntington supra is exactly the same with this The Comm’rs of Excise are made Judges of an Offence ag’t an Act of Parl’t They convict a Man of an Offence w’ch in their Opin. was within the Stat. An Action is brought ag’t the Officer who executed their Precept The Judges are of Opin. that the Matter for w’ch they had convicted the Pit. was not an Offence within the Act And that theref. the Com’rs had exceeded their Jurisd. & Power w’ch was lim to the Off’s in the Act And it was held that both they & their Officers were liable to an Action So here if the Just, has conv'. us of an Off. not within the Act His thinking it to be within the Act will not excuse either him or his Officer As the Comm’rs of Excise exceeded their Power in judging Low Wines to be strong Waters perfectly made So the Justice here has exceeded his Jurisd. in judging *B339 the not ret. a Sample into the Hhd whence it was taken to be the Offence for w’ch the Penalty is inflicted by this Act of Ass.
To make this more plain Supp’o the Justice had given Judg’t for 40 S. for every Off. instead of 20. I presume it will be granted we might have an Action in that Case And if we might in any Case where the Justice exceeded or did not pursue the Power given him Surely we are intitled to it when he conv. and condemns us to the Penalty with’t being guilty of the offence.
It would have made a mighty Diff in the Case if the Just, had been only mistaken in his Judg’t of the Fact that is if upon the Evid. he had been of Opin. we were guilty tho’ we were not not so In that Case we must have been with’t Remedy Because the Law has made him Judge of the Fact & it is within the Power & Authority given to him But in this Case the Just, has taken upon him to make that Off. ag’t the Act w’ch I conceive is not so And so has plainly exceeded his Power w’ch is only to conv. of the particular Offence therein described
If this Point can want any further Enforcing I desire it may be considered how dangerous it must be to the Liberty & Fortunes of the Subject to vest a single Just, with so much Power as must "be the Conseq. of the Doctrine on the other Side If he may not only conv. of the Off. in the Act But also make that an Offence w’ch the Law has not made so who can be safe in their Psons or Estates This would be transferring the legislative Power to him & open a Door to all the Violence & Oppession imaginable Justices may be governed & blinded by their Passions I wish there was not something of that in this Case But however that be it must be allowed to be too dangerous a Power to be lodged in a single Hand And therefore, the Laws have very wisely provided this Fence of an Action where the Just, goes beyond the Power & Authority given him
But the Just, has not only exceeded his Power in making that an Off. w’ch the Law has not made so but he has likewise done so in giving a Judg’t not warr. by the Law And that in sev’l Instances 1. As to one of the Offences he has split the Penalty betw. y’e 2. Insp’rs & gave Judg’t for 10 s. [314] only a the Pit. 2. He has given Costs tho’ none are given by the Act And so has subjected the Pit. to a greater Penalty than the Law has inflicted It will be no Ans’r to say the Costs are but small The Obj. is he had no Power to award any Costs Ergo in so doing exceeded his Jurisd. By the same Rule that he co’d award *B340 30 lb. Tob. he might have awarded 30 £. In Crump & Halfords Case ante it seems admitted by the Argum’t fr Deft, that Costs if had been given where they ought not the Action wo’d lie They labour to prove the Act intended Costs
But the most weighty Obj. of all is 3. That he has given the Penalty to the Informer The Penalty is not appropriated by the Act In w’ch Case it is a known Rule that it goes to the King 11 Co. 68. a. So here his Ma’tie is not only defrauded but the Subject put in a worse State than the Act intended He is to lie at the Mercy of the Informer instead of the King If the Penalty had been adj’d to the King as it ought the Pit. by an Application might have got it remitted And I dare believe wo’d have met with so much Fav’r under the Circumstances of this Case.
This is exceeding [ric] Power with a witness It is not at at unlikely the Legislature designed in not appropriating the Penalty to leave Room for an Application to the Crown where a Justice was too severe or partial It might be thought a proper Security ag’t arbitrary & violent Proceedings But the Justice here was resolved to stop the Fountain of the Kings Lenity & effectually to ruin the Pit. if he could If this is allowed Hard will be the Fate of every poor Insp’r who happens to be obnoxious to a Country Justice who will undertake the Exon of an Office that may put it ,'n the Power of his Enemy to ruin & destroy him even tho’ he is ever so innocent
A 4. Obj. to the Judg’t is its being for £.11. . 10. —w’ch I think is more than a single Justice can give Judg’t for Without Doubt he might have given Judg’t for 12 different Offences or 200 but then as the Offences must be sev’l so ought the Judg’ts The ordinary Power of a Justice in Civil Cases is limited to 20 s. Now sho’d a Just, in a Civil Case under Pretence that the Pit. had sev’l Demands ag’t the Deft, give Judg’t for more than 20 s. I daresay he wo’d be thought to exceed his Authority tho’ perhaps he might very well have given separate Judg’ts as Supp’o 20 s. to be due by Obi. & 20 s. by Acco’t he might give sev’l Judg’ts for these Sums but not one Judg’t for both This indeed may be sayed to be but an Informality And if there was nothing more in the Case I sho’d not not much insist upon it But it is really attended with a very bad & dangerous Consequence For if this Penalty had been given to the King as it ought by crowding these Offences into one Judg’t & thereby *B341 making the whole Penalty exceed 10^". The Gov’r could not as I conceive have extended the Kings Fav’r tho’ the Case had been ever so deserving of it This is surely worthy Cons. Suppose a Justice should arbitrarily & unjustly give Judg’t ag’t a Man for [315] 500 Breaches of this or any other Law & put them in one Judg’t If the Justice took Care to pursue the Law in giving his Judg’t the Party must be with’t any kind of Remedy tho’ the Partiality & Injustice were ever so notorious
Let it be considered w’t a dangerous Power this would be in the Hands of a single Pson subject to no Controul Human Nature is too depraved to depend altog’r upon the Virtue & Integrity of the Judge Power is apt to intoxicate & spoil the best Tempers And therefore it is in a Mann’r absolutely necessary that the Fences ag’t arbitrary power sho’d be kept up I dare say it was never the Intention of the Law makers when they inflicted this Penalty to put it in the Power of a single Justice to ruin any Insp’r if he pleased w’ch will be the Consequence if he may crowd as many Offences as he pleases into one Judg’t as 1 have endeavoured to demonstrate
It will be arg’d I suppose that it is very hard upon Justices who serve in their Office with’t any Reward to be subjected to Actions if they happen to be mistaken And this is a very plausible way of Talking
In Ans’r to it I wo’d desire to be understood that I make a great Diff. betw. Things done by a Just, by Virtue of his gen’l Authority and where they are done by Virtue of a particular limited Power given to him by a positive & written Law In the first Case any little Slip or Mistake in Point cf Formality especially is never regarded nor can he be punished for it But where a positive written Law has plainly pointed out his Power & Authority There if he does not strictly pursue the Power given him he must ans’r for it For as I have already observed Every lim Author, implies a Neg’a viz that they shall proceed acc’o to that Power & not otherwise And there is no great Hardship upon the Just, in this last Case He may act very safely if he foil, the Directions of the Law And it may very reasonably be deemed rather a Fault in the Will than the Understanding if he does not Whereas in Matters where he has a gen’l undefined Authority it is not always so easie for him to know precisely his Duty & Power And theref. it is more reasonable to make some Allowances Tho’ even in those Cases if he exceeds his Power in any *B342 great Degree As where he whips a Man with’t Authority for so doing he shall be subject to an Action
But admitting there may be sometimes a little Hardship upon the Justice in these Actions. That is not I conceive to be brought in Competition ag’t a gen’l Inconvenience It is contrary to a Maxim in Law And surely there cannot be a greater Inconv. than to suffer a Country Justice where his Power & Authority are plainly mark’d out & bounded to deviate from or exceed the Power given to him under Pretence of Mistake The Conseq. is plain that under such Pretence the most arbitrary & oppressive Actions might be sheltered
Besides the Justices in these Cases are always very tenderly dealt with by the Jury in their Dam’s if it app’rs to be a meer Mistake in Judg’t. On the contrary where there are any Marks of Violence or Oppression of Partiality [316] or Passion they make them smart for it in Dam’s as indeed they ought
This leads me to consider a little whether anything of that kind app’rs in this Case I am very unwilling to make personal Reflections at any time. Nor shall I ever do it but where my Duty obliges me to it And here in Justice to my Client I think I ought to take Notice of & point out some Circumstances appearing in this Case that carry no very good Aspect
1. The Warr. is special to app’r before the Def. only & not any other Justice as the usual Form is 2. The Matter was heard in the Pits. Absence It app’rs indeed the Just, was told he wo’d not come but surely in a Matter of this Moment & Value one Default might have been passed over & another Day appointed And then if the Pit. had failed the Just, co’d not have been blamed And there was the more Reason in this Case as the Pit. was an Insp’r & might be under a necessity of attending the Warehouse just at that Time or be subject to a Penalty for not being there
I must submit Wheth’r these Circumstances do not carry an Appearance of something like Heat & Passion to say no worse At least we may/suppose the Jury thought so from the Damages they have given
I only mention this to obviate the Stress that may be laid on the Hardship of the Case It can never be thought a Hardship if the Just, was influenced by Passion or Resentm’t And tho’ the Law will not allow such a Thing to be presumed from the manifest Inconv. that wo’d foil. Yet when Facts are found by a Jury *B343 that plainly prove such a Disposition I don’t see how a Co’rt can help judging so
For the Deft,
was cited Greenvelt a Burwell 1 Sal. 396. w’ch Case proves nothing but w’t is admitted in the Argum’t above & rather strengthens than invalidates it
Yet Judgment was given for the Deft. October 1739. by a great Majority of the Court
To the Cases above cited for the Pit. may be added Rex vs Chandler 1 Sal. 378. A Summary Conviction ought to be construed strictly so as to shew the Fact an Offence within the Act because the Subject is deprived of a Trial per Pares.
But however that be if the Just, has acted illegally if under Col’r of his Authority the Property of the Pit. has been invaded & he subjected to great Loss & Dam apparently ag’t Law I must submit whether the Loss & Injury to him be not more worthy Cons, than any compassionate Regard to the Just, supposing him to be ever so innocent